Douglas P. Farr (13208)
Dillon P. Olson (16120)
Benjamin J. Mills (17275)
**SNELL & WILMER L.L.P.**
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101
Telephone:  801.257.1900
Facsimile:  801.257.1800
Email: dfarr@swlaw.com
          dolson@swlaw.com
          bemills@swlaw.com

*Attorneys for Ridley's Family Markets, Inc. and Liberty Mutual Fire Insurance Company*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LBG OGDEN FIVE POINTS LLC dba WESTERRA REALTY & MANAGEMENT, and CINCINNATI INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> vs. <br><br> RIDLEY'S FAMILY MARKETS, INC., and LIBERTY MUTUAL FIRE INSURANCE COMPANY, <br><br> Defendants. | **MOTION TO DISMISS FOR LACK OF JUSTICIABILITY** <br><br> Case No. 1:21-CV-00125-TS-DBP <br><br> Judge Ted Stewart <br><br> Magistrate Judge Dustin B. Pead |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Ridley's Family Markets, Inc. ("**RFM**") and Liberty Mutual Fire Insurance Company ("**Liberty Mutual**" and together with RFM, "**Defendants**"), hereby move to dismiss all claims raised by LBG Ogden Five Points LLC d/b/a Westerra Realty & Management ("**Westerra**") and Cincinnati Insurance Company's ("**CIC**" and together with Westerra, "**Plaintiffs**") for lack of justiciability.

\4814-7772-1340

## INTRODUCTION

This case arises from an underlying slip-and-fall action that Judi Linford commenced against Westerra and RFM (the "**Underlying Action**"). That Underlying Action remains pending, and no liability determination has been rendered. Nonetheless, Plaintiffs commenced the instant declaratory judgement action prematurely, seeking this Court's *prospective* declarations as to the parties' rights and obligations in the event a future judgment is entered against Westerra and/or RFM in the Underlying Action. Because the Underlying Action remains pending and unresolved, Westerra and RFM are not currently legally obligated to pay any amounts to Ms. Linford. That unanswered question is the crux of the Underlying Action, and as such, Plaintiffs' instant action against RFM and Liberty Mutual is unripe and not justiciable.

First, as to Plaintiffs' cause of action for bad faith, Liberty Mutual is defending Westerra and RFM in the Underlying Action, so it has not breached any possible duty to defend. Moreover, Liberty Mutual has not breached any potential duty to indemnify because the insureds are not yet "legally obligated to pay" any amounts in the Underlying Action. Plaintiffs cannot contend that Liberty Mutual has breached obligations that have yet to arise.

Second, Plaintiffs' causes of action for declaratory relief are contingent upon underlying liability findings against Westerra and RFM. If Westerra and RFM successfully defend the Underlying Action, then this Court does not need to determine RFM's and Liberty Mutual's indemnification obligations, coverage under Liberty Mutual's policy, and deductible applicability. Such declaratory relief will be required if, and only if, underlying liability is established. It is inappropriate for Plaintiffs to seek such relief before underlying liability has been determined.

Therefore, Plaintiffs' *Complaint* should be dismissed in its entirety for lack of justiciability.

## STATEMENT OF FACTS

1. Westerra and RFM are defendants to the Underlying Action, which is currently pending in the Second Judicial District Court of Utah, Case No. 200904767. (*See* Compl., ¶ 5.)

2. The Underlying Action involves a trip and fall incident at a store that RFM leases from Westerra pursuant to a Commercial and Industrial Lease (the "**Lease**"). (*See id.* at ¶¶ 5–6.)

3. The Lease provides the following:

> Injuries and Property Damage: Tenant agrees to indemnify and hold harmless Landlord of and from any and all claims of any kind or nature arising from Tenant's use of the demised premises during the term hereof, and Tenant hereby waives all claims against Landlord for damage to goods, wares or merchandise or for injury to persons in and upon the premises from any cause whatsoever, or for injury to persons in and upon the premises from any cause whatsoever, except such as might result from the negligence of Landlord or Landlord's representatives or from failure of Landlord to perform its obligations hereunder within a reasonable time after notice in writing by Tenant requiring such performance by Landlord. Tenant shall at all times during the term hereof keep in effect, in responsible companies, liability insurance in the names of and for the benefit of Tenant and Landlord with limits at least as follows:

| | |
|---|---|
| Bodily Injury | $100,000.00 each person |
| | $300,000.00 each accident |
| Property Damage | $50,000.00 |

(*See* Compl., Ex. 2 at ¶ 16.)

4. Consistent with its Lease obligations, RFM maintains a commercial general liability policy with Liberty Mutual (the "**Policy**").

5. The Policy states that Liberty Mutual "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this

insurance applies." (*See* Policy, § I.1.a, attached as **Exhibit 1**.[1])

6.      Liberty Mutual has agreed to provide, and is currently providing, Westerra "with a defense" in the Underlying Action based on coverage afforded in the Policy. (*See* Compl., Ex. 5 at 1; *see also* Compl. ¶ 26 ("Liberty accepted the tender and the duty to defend Westerra pursuant to a Reservation of Rights.").)

## ARGUMENT

Under Rule 8 of the Federal Rules of Civil Procedure, Plaintiffs are required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A complaint survives only if it 'states a plausible claim for relief.'" *Teece v. U.S. Small Business Loan Admin.*, No. 2:13-cv-854, 2014 WL 4825914, at *4 (D. Utah Sept. 25, 2014) (quoting *Ashcroft*, 556 U.S. at 678); *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) ("Dismissal is appropriate if the law simply affords no relief.").

Here, Plaintiffs have failed to state a justiciable claim, and the Motion should be granted, because: (1) Plaintiffs' bad faith claim is unripe under both Utah law and the terms of the Policy; and (2) no actual controversy yet exists between the parties relating to the Lease or the Policy.

### I.      Plaintiffs' Cause of Action for Bad Faith is Unripe as a Matter of Law.

The Court should dismiss Plaintiffs' bad faith claim because it is premised upon Liberty

---

[1] *Accord Winn v. Bank of Am., N.A.*, No. 2:11-cv-TS, 2012 WL 27640, at *1 (D. Utah Jan. 4, 2012) ("[A] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.").

\4814-7772-1340

4

Mutual's purported duty to indemnify, which duty has yet to arise and may never arise. "The duty to indemnify depends upon liability, i.e., an insurer's obligation to pay a judgment or settlement." *Benjamin v. Amica Mut. Ins. Co.*, 2006 UT 37, ¶ 32, 140 P.3d 1210; *see also Aspen Specialty Ins. Co. v. Utah Local Gov'ts Trust*, 954 F. Supp. 2d 1311, 1316 (D. Utah 2013) ("The duty to indemnify relates to liability actually imposed on the insured for claims falling within the scope of coverage."). Under Utah law, a claim for indemnification "brought prior to a determination of the insured's liability is premature since the question to be determined is not ripe for adjudication. The duty to indemnify must await resolution of the underlying suits." *Aspen Specialty*, 954 F. Supp. 2d at 1316; *see also Benjamin*, 2006 UT 37, ¶ 29 ("[T]ypically, an insured's legal liability for damages arises when judgment is entered against him"); *State Farm Fire & Cas. Co. v. Inevat, LLC*, No. 2:17-cv-00901, 2018 WL 2768661, at *3 (D. Utah June 8, 2018) (dismissing claim for indemnification as unripe).

Here, the Policy provides coverage for "those sums that the insured becomes legally obligated to pay." (*See* Policy § I.1.a.) Utah courts have interpreted the phrase "legally obligated to pay" to require either entry of judgment against an insured or an agreement to pay certain amounts in a final settlement agreement. *See, e.g.*, *Univ. of Utah Hosp. v. Am. Cas. Co. of Reading*, 2004 UT App 111, ¶ 11, 90 P.3d 654. Neither RFM nor Westerra are yet "legally obligated to pay" any amount in the Underlying Action. No adverse judgment has been entered against them, nor have they settled that action. Plaintiffs acknowledge as much in their *Complaint*. (*See* Compl., at ¶ 44 (the "associated tort action has not been reduced to a settlement award, judgment, or verdict").)

\4814-7772-1340

Moreover, it is unclear whether any liability will result from the Underlying Action. Indeed, it is entirely possible for RFM and Westerra to prevail on the defense in its entirety. As such, any determination regarding Liberty Mutual's indemnification obligations under the Policy, including limits of insurance, would be purely advisory, and Plaintiffs' cause of action for bad faith should be dismissed. *See Aspen Specialty*, 954 F. Supp. 2d at 1316; *see also Texas Brine Co. & Occidental Chem Corp.*, 879 F.3d 1224, 1229 (10th Cir. 2018) ("The purpose of the ripeness doctrine is to prevent the premature adjudication of abstract claims.").

## II. No Case of Actual Controversy Exists Between the Parties.

The Court should dismiss Plaintiffs' declaratory relief claims because no case of actual controversy exists between the parties. "The Supreme Court has held that a matter amounts to a case of actual controversy where 'there is a substantial controversy, between the parties having adverse legal interests, of ***sufficient immediacy*** and reality to warrant the issuance of a declaratory judgment.'" *Anderson v. Univ. of Utah*, No. 2:17-cv-950-TS, 2018 WL 1115148, at *2 (D. Utah Feb. 26, 2018) (emphasis in original) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 244 (1952)). "Part of this analysis requires finding that the conflict is ripe for determination." *Id.* "In other words, the disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." *Id.* "Whether or not a question is ripe for decision requires an examination of the 'fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Id.* (quoting *ACORN v. City of Tulsa, Okla.*, 835 F.2d 735, 739 (10th Cir. 1987)).

A. <u>Fitness of Issues for Judicial Review</u>

Plaintiffs seek three declarations from the Court: (1) "pursuant to the terms of the lease, Ridley's is legally obligated to defend and indemnify Westerra against and for claims, suits, losses and damages arising out of Ridley's negligent acts or omissions, without monetary limit, and regardless of whether some or all of those losses are insured or not," (2) the Policy "affords limits of insurance of $1,000,000," and (3) coverage under the Policy "is not subject to a $25,000 deductible." (*See* Compl., ¶¶ 40–42.)

Each of these declarations, and the corresponding obligation to Westerra, are contingent upon a finding of RFM's liability in the Underlying Action. However, liability has not been established in the Underlying Action, and may never be established if RFM and Westerra prevail in their defense. Until any liability is imposed, any declaration from this Court would be premature, and would amount to an advisory opinion because it would be purely hypothetical and, potentially, entirely unnecessary if RFM and Westerra prevail in their underlying defense.

In *Boyle v. National Union Fire Ins. Co.*, the plaintiffs filed a similar claim for declaratory relief seeking a determination of their indemnification rights if insureds "were later found to be liable" in a separate lawsuit. 866 P.2d 595, 597 (Utah Ct. App. 1993). The trial court concluded that plaintiffs were "putting the cart before the horse," and that the court could not "issue an advisory opinion" on indemnification obligations "when the facts of liability have not been determined." *Id.* The Utah Court of Appeals affirmed, recognizing that the plaintiffs' claim "placed the trial court in the position of trying to guess what facts might be determined in a trial on the tort claim, and then to apply those hypothetical facts" to the indemnification provisions at issue. *Id.* at 598. Thus, the court reasoned that "the trial court was barred, as a matter of law, from rendering

\4814-7772-1340

declaratory judgment" and that "the trial court did not err in dismissing the action." *Id.*

Here, Plaintiffs have put "the cart before the horse." As with the plaintiffs in *Boyle*, Plaintiffs' claim against RFM and Liberty Mutual for declaratory relief puts this Court in the position of "trying to guess what the facts might be" in the Underlying Action "and then to apply those hypothetical facts" to the Lease or Policy. Indeed, Westerra seeks input from the Court regarding Defendants' obligations in the event an adverse judgment is entered against Westerra in an amount exceeding $100,000. Any determination regarding Defendants' obligations will be entirely unnecessary if Westerra and RFM prevail in their defense, including any obligation related to the amount of the insurance deductible. Further, if liability is established in an amount less than $100,000, there will be no need for this Court to evaluate the policy limits. Without the imposition of any liability, the Court cannot be expected to measure the extent of an indemnification obligation based on facts that have not yet been established, and which might never be established. Therefore, Plaintiffs' claims are unfit for judicial review.

B. Hardship of Withholding Consideration

Plaintiffs will not suffer any prejudice if the *Complaint* is dismissed. Liberty Mutual has assumed responsibility for Westerra's defense in the Underlying Action. (*See supra*, Statement of Fact ¶ 6.) Thus, the only possible hardship to Plaintiffs will occur if RFM and Westerra suffer an adverse outcome in the Underlying Action. If that occurs, there is nothing preventing Plaintiffs from seeking declaratory relief at that time. There is no benefit, nor a legal necessity, for Plaintiffs to seek seeking such relief before the Underlying Action is resolved.

In contrast, Defendants will be tremendously prejudiced if this action persists. Currently, Liberty Mutual is paying to defend itself and RFM in this lawsuit, as well as RFM and Westerra

in the Underlying Action. Continued litigation of this matter will require Defendants to engage in unnecessary motion practice and, potentially, discovery. Liberty Mutual should not be forced to incur costs in the instant action to address issues that the Underlying Action may render moot. Nor should this Court expend time and resources by prospectively adjudicating hypothetical situations that may never arise.

Therefore, Plaintiffs' claim for declaratory relief should be dismissed because it presents issues unfit for judicial determination, because dismissal will not place hardship on Plaintiffs, and because dismissal will avoid unnecessary hardship on Defendants and the Court. Moreover, Plaintiffs will not be precluded from seeking the same exact declaratory relief in the future, if and when an adverse result in the Underlying Action requires them to do so.

## CONCLUSION

For the foregoing reasons, RFM and Liberty Mutual respectfully request the Court to dismiss Plaintiffs' *Complaint* because Plaintiffs have failed to state a justiciable controversy or a claim upon which relief may be granted.

DATED this 15th day of October, 2021.

**SNELL & WILMER** L.L.P.

/s/ *Douglas P. Farr*
Douglas P. Farr
Dillon P. Olson
Benjamin J. Mills

*Attorneys Ridley's Family Markets, Inc. and Liberty Mutual Fire Insurance Company*

\4814-7772-1340

9